IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER JEREMY DALE HARBIN, | Case Nos.: 1:20-cr-00802<br>1:23-cv-02445 |
| Defendant-Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| UNITED STATES OF AMERICA, | |
| Plaintiff-Respondent. | MEMORANDUM OPINION & ORDER |

Before the Court is Defendant-Petitioner Christopher Jeremy Dale Harbin's ("Harbin") pro se Motion to Vacate, Set Aside, or Correct the Sentence under 28 U.S.C. § 2255 filed on December 26, 2023.  (Doc. No. 42.)  On January 25, 2024, the United States of America ("the Government") filed a Response.  (Doc. No. 50.)  Harbin did not file a reply.

For the following reasons, the Court DENIES Harbin's Motion.

**I.  Background**

On July 10, 2020, Ashtabula County probation officers received a report that there was drug activity at Harbin's residence.  (Doc. No. 25, PageID# 94.)  The officers conducted a search of Harbin's house and found a pistol loaded with one round, drugs, and drug paraphernalia.  (*Id*.)

On December 2, 2020, a federal grand jury charged Harbin with Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 1) and Possession of a Firearm by Person with Prior Misdemeanor Domestic Violence Conviction in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2) (Count 2). (Doc. No. 1.)  Harbin was previously convicted of the following crimes punishable by over one year imprisonment: (1) attempted burglary on June 9, 2003, (2)

aggravated trafficking in drugs on March 24, 2020, and (3) aggravated trafficking in drugs on June 5, 2020. (*Id.*) Additionally, Harbin was convicted of domestic violence on April 1, 2005. (*Id.*)

On June 2, 2021, Harbin plead guilty to Count 1. (Non-Document Minutes of Proceedings dated June 2, 2021.) In his plea agreement, Harbin waived his right to challenge his conviction or sentence under 28 U.S.C. § 2255, with a few reservations[1]. (Doc. No. 23, PageID# 58-59.) On October 4, 2021, the Court sentenced Harbin to 60 months imprisonment for Count 1[2]. (Doc. No. 37, PageID# 313.)

On December 26, 2023, Harbin filed the instant Motion to Vacate under 28 U.S.C. § 2255. (Doc. No. 42.) On January 25, 2024, the Government filed a Response. (Doc. No. 50.) Harbin did not file a reply.

II.     **Standard of Review**

A federal prisoner may attack his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 provides four grounds on which a federal prisoner may attack his sentence: "[1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [that the sentence] is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

---

[1] Harbin reserved his right to appeal (a) any punishment in excess of the statutory maximum, (b) any sentence in excess of the Sentencing Guidelines, (c) the Court's determination of his Criminal History Category, (d) for ineffective assistance of counsel, and (e) for prosecutorial misconduct. (Doc. No. 23, PageID# 59.) None of these reservations are relevant here.

[2] On January 19, 2024, the Court granted Harbin's Motion to Reduce Sentence (Doc. No. 44) and reduced his sentence from 60 to 46 months. (Doc. No. 48.)

To warrant relief under section 2255, a petitioner who plead guilty "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  A court may only grant relief if the petitioner demonstrates "a fundamental defect which inherently results in a complete miscarriage of justice." *Id*. (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

If there is a factual dispute, the "court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999).  No hearing is required, however, "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Harbin argues that the Court should grant his Motion because he is "actually innocent" based on the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), which he contends rendered unconstitutional his conviction for violating 18 U.S.C. § 922(g)(1). (Doc. No. 42, PageID# 345-46.)

The Government responds that the Court should deny Harbin's Motion because (1) Harbin waived his right to file a section 2255 motion in his plea agreement, (2) Harbin's Motion is untimely, and (3) *Bruen* did not hold that section 922(g)(1) was unconstitutional.  (Doc. No. 50, PageID# 409, 411, 414.)

The Court will address each of these arguments in turn, below.

**III.    Analysis**

    **A.    Waiver**

The Government argues that Harbin knowingly and intelligently waived his right to file a section 2255 motion in his plea agreement.  (*Id*. at PageID# 410.)  The Government further argues that Harbin has not suggested in his Motion that "his waiver was anything other than knowing and voluntary."  (*Id*. at PageID# 411.)

Waivers of section 2255 rights in plea agreements are "generally enforceable."  *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017) (citing *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001)).  "To be valid, the waiver simply must have been entered into knowingly and voluntarily."  *Id*. (citing *Davila*, 258 F.3d at 451).  More to the point, "[s]ubsequent 'developments in the law . . . do not 'suddenly make the plea involuntary or unknowing or otherwise undo its binding nature.'"  *Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022) (quoting *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005)).  This includes "later constitutional rulings" such as the *Bruen* decision at issue here.  *Id*.; *see also United States v. Morrison*, 852 F.3d 488, 491 (6th Cir. 2017) (holding that a new constitutional holding does not permit a challenge when the defendant waived his right to appeal).

Here, Harbin acknowledged in his plea agreement that his counsel advised him of his right to collaterally challenge his conviction or sentence under 28 U.S.C. § 2255.  (Doc. No. 23, PageID# 58.)  And Harbin "expressly and voluntarily waive[d]" that right.  (*Id*. at PageID# 59.)  In his Motion, Harbin acknowledges that he "pled guilty to violating [sections 922(g)(1) and 924(a)(2)] pursuant to a plea agreement."  (Doc. No. 42, PageID# 345.)  He does not otherwise "allege deficiencies in the plea process or that [his] underlying [plea] agreement[] w[as] invalid."  *Portis*, 33 F.4th at 338.

Therefore, the Court concludes that Harbin knowingly and voluntarily waived his right to file the instant section 2255 Motion and denies Harbin's Motion for this first reason.

**B.    Statute of Limitations**

The Government also argues that Harbin's Motion is untimely since Harbin filed it outside section 2255's one-year statute of limitations. (Doc. No. 50, PageID# 412.) Specifically, the Government contends that Harbin's conviction became final on October 18 or 20, 2021[3]. (*Id*.) Therefore, Harbin had to file his Motion by October 18 or 20, 2022. (*Id*.) But Harbin waited until December 16, 2023, to file his Motion, making it untimely. (*Id*.)

Harbin argues that the Court should "waive" section 2255's statute of limitations because the *Bruen* decision means that he is actually innocent of violating section 922(g)(1). (Doc. No. 42, PageID# 345.)

Section 2255(f) provides that

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1) the date on which the judgment of conviction becomes final**;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review**; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added). The Court infers Harbin's argument to be that the one-year statute of limitations for his Motion began not on the date his conviction became final under section

---

[3] The Court entered Harbin's judgment on October 4, 2021. (Doc. No. 31.) Two days later, the Court entered an amended judgment that recommended to the Bureau of Prisons that Harbin be incarcerated at Elkton Federal Correctional Institution in Ohio. (Doc. No. 33.)

5

2255(f)(1), but on the date the Supreme Court decided *Bruen* under section 2255(f)(3). This argument fails for two reasons.

First, the Sixth Circuit recently rejected a similar argument in an unpublished case. In *In re Clark*, 2023 U.S. App. LEXIS 30481 (6th Cir. Nov. 15, 2023), the defendant was convicted of several drug and firearms offenses in 2006, including felon in possession of a firearm in violation of section 922(g). *Id*. at *1. In 2023, the defendant filed a successive section 2255 motion arguing, in part, that he was actually innocent of his section 922(g) conviction under *Bruen*. *Id*. at *2. Before a defendant can file a successive section 2255 motion, he must make a prima facie showing that, as is relevant here, his motion relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*. (quoting 28 U.S.C. § 2255(h)(2)). This language mirrors the statute of limitations language in 28 U.S.C. § 2255(f)(3) quoted above. The Sixth Circuit concluded that *Bruen* was not a "new rule of constitutional law" and denied the defendant's motion. *Id*. (citing *Bruen*, 597 U.S. at 81 (Kavanaugh, J., concurring)). This means that the deadline for Harbin to file his section 2255 Motion began on October 18 or 20, 2021—the date his conviction became final—not on the date of the *Bruen* decision. Put another way, the later start date provided in section 2255(f)(3) does not apply here. Harbin's Motion is thus untimely.

Second, even if *Bruen* did recognize a new rule of constitutional law, Harbin filed his Motion about six months late. The Supreme Court decided *Bruen* on June 23, 2022, yet Harbin did not file his Motion until December 16, 2023. So, even under the most expansive possible deadline, Harbin's Motion is still untimely.

Accordingly, the Court denies Harbin's Motion for this second reason as well.

### C. Constitutionality of Section 922(g)(1)

Even if the Court were to ignore the fact that Harbin waived his right to file the instant Motion and the fact that his Motion is untimely, Harbin's Motion still fails on the merits. Harbin contends that *Bruen* rendered section 922(g)(1) unconstitutional, and, therefore, he is actually innocent of the crime he plead guilty to. (Doc. No. 42, PageID# 344.)

In *United States v. Carey*, 602 F.3d 738 (6th Cir. 2010), the Sixth Circuit held that section 922(g)'s "prohibition on felon possession of firearms is constitutional." *Id*. at 741. In a recent unpublished case, the Sixth Circuit recognized that *Carey's* "unambiguous[]" holding "remains the binding law in this circuit." *United States v. Vaughn*, 2023 U.S. App. LEXIS 25818 at *2 (6th Cir. Sep. 28, 2023) (citing *Carey*, 602 F.3d at 741). It further noted that "although there are numerous appeals pending before [the Sixth Circuit] that raise the issue, the vast majority of courts to have reconsidered the constitutionality of § 922(g)(1) post-*Bruen* have upheld it." *Id*. at *3 (citing *United States v. Gleaves*, 654 F. Supp. 3d 646, 651 (M.D. Tenn. 2023)). Stated succinctly, "*Carey* remains the precedent in this circuit," and this Court is bound to follow it. *Id*.; *see also, e.g.*, *United States v. MacKey*, 2023 U.S. Dist. LEXIS 208459 at *5 (S.D. Ohio Nov. 21, 2023) (denying a defendant's motion to dismiss an indictment under *Bruen* because *Carey* "remains good law after *Bruen*").

Accordingly, the Court denies Harbin's Motion for this final reason too.

### IV. Conclusion

For the above reasons, the Court DENIES Harbin's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 42.) Further, the Court certifies that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

7

**IT IS SO ORDERED.**

Dated:  February 22, 2024                              *s/ Pamela A. Barker*
                                                                          PAMELA A. BARKER
                                                                          UNITED STATES DISTRICT JUDGE