# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:20-cr-802 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **CHRISTOPHER HARBIN,** | |
| **Defendant.** | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon Defendant Christopher Harbin's ("Defendant") pro se Motion for Compassionate Release which was supplemented by the Office of the Federal Public Defender on February 23, 2024 (together, "Defendant's Motion"). (Doc. Nos. 46, 53.) On March 6, 2024, the United States of America filed the Government's Response to Defendant's Motion ("the Government's Response"). (Doc. No. 55.) On March 19, 2024, Defendant filed a Reply in support of Defendant's Motion ("Defendant's Reply"). (Doc. No. 57.) Accordingly, Defendant's Motion is ripe for a decision.

## BACKGROUND

After pleading guilty to Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), on October 4, 2021 Defendant was sentenced to 60 months of imprisonment, to run concurrently with 36 months and 18 months of imprisonment terms imposed by the Ashtabula County Court of Common Pleas, respectively, in case numbers 19CR117 and 19CR315, for trafficking in Methamphetamine. On December 27, 2023, Defendant filed a Motion to Reduce Sentence, which was supplemented by the Office of the Federal Public Defender on January 19, 2024, and unopposed by the Government. (Doc.

Nos. 44, 47.) The Court granted Defendant's Motion to Reduce Sentence and reduced Defendant's sentence to 46 months. (Doc. No. 48.)

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that extraordinary and compelling circumstances exist because his father is unable to care for himself and Defendant is the only available caregiver[1]; and the sentencing factors support his requested "small reduction" in his sentence. The Government opposes Defendant's Motion, arguing the following. First, Defendant has not exhausted his administrative remedies. Second, Defendant has failed to demonstrate an extraordinary and compelling justification for compassionate release, i.e., that his father is incapacitated and Defendant needs released to provide assistance. According to the Government, the handwritten letter from Sherman Harbin does not indicate that he is incapacitated and the health issues raised therein are no different than those known at the time of sentencing; and since Defendant's father was able to attend his doctor's visit in November of 2023 and there is no mention in the After Visit Summary that he is unable to care for himself, Defendant has failed to meet his burden to warrant compassionate release pursuant to USSG § 1B1.13(b)(3)(C). And, third, the Section 3553(a) factors weigh against release.

In Defendant's Reply, Defendant asserts that he did exhaust his administrative remedies, and attaches as Exhibit A, a copy of his 11/29/2023 request to the Warden for compassionate release, and a copy of the Warden's 12/12/23 response denying Defendant's request. Defendant also contends that this Court is permitted to consider circumstances that were known at the time

---

[1] In support of this argument, Defendant has attached as Exhibit A, a handwritten letter dated 2-2-24 from his father, Sherman Harbin, wherein he explains that he is 76 years old, lives by himself, has nobody to help him, how Defendant used to help him, how Defendant could help him if he was there with him, he has a hard time walking, his breathing is real bad, he forgets things, and that Country Neighbor and Community Action would not help him out; and an After Visit Summary for Sherman Harbin dated 11/7/2023, indicating that Sherman Harbin was seen for follow up where his memory loss, B12 deficiency and decreased visual acuity were addressed. Page 2 of the After Visit Summary includes a "Problem List".

of sentencing, i.e., his father's health issues. And, Defendant submits that the Section 3553(a) factors weigh in favor of granting Defendant's Motion. Defendant contends that his completion of numerous rehabilitative programs and the earning of his GED has reduced his recidivism score and he has earned credits towards his sentence, the only offense involving a firearm that Defendant has committed is the instant one that involved an inoperable firearm, and Defendant did not have drugs inside his residence at the time of his arrest in this case,

### STANDARD OF REVIEW/DISCUSSION

The Sixth Circuit Court of Appeals has explained:

> By statute, three substantive requirements must be met before a district court may grant compassionate release. 18 U.S.C. § 3582(c)(1)(A). First, the court must determine that "extraordinary and compelling reasons warrant" a sentence reduction. *Ruffin*, 978 F.3d at 1004 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Second, the court must find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, *see* U.S.S.G. § 1B1.13. *Ruffin*, 978 F.3d at 1005. Third, the court must consider the applicable § 3553(a) factors. *Id.*; *see* 18 U.S.C. § 3582(c)(1)(A). . . . [W]hen a prisoner [brings a motion on his own accord], the First Step Act renders U.S.S.G. § 1B1.13 inapplicable, meaning district courts enjoy "full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. That leaves a district court to focus on steps one and three, as it may now "skip step two of the § 3582(c)(1)(A) inquiry." *Id.*

*United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021).

Moreover, according to the Sixth Circuit, "a district court may deny compassionate release if it finds that the defendant fails to meet any one of the three steps,[2] and may do so without addressing any of the other criteria." *United States v. Taylor*, No. 20-4241, 2021 WL 2182320, at *2 (6th Cir. May 28, 2021) (citing *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)). And, while the Sixth Circuit has concluded that as presently written, U.S.S.G. § 1B1.13 is not a policy statement applicable to inmate-filed motions for compassionate release, and does

---

[2] Those three criteria are: extraordinary and compelling reasons justifying release; the applicable § 3553(a) factors; and any applicable policy statement, such as U.S.S.G. § 1B1.13. *United States v. Taylor*, No. 20-4241, 2021 WL 2182320, at *2 (6th Cir. May 28, 2021) (citing *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)).

not bind district courts in this context, citing *United States v. Elias*, No. 20-3654, 2021 WL 51069 at *4 (6th Cir. Jan. 6, 2021), and *United States v. Jones*, 980 F.3d 1108, 1108-11 (6th Cir. 2020), it has also concluded that courts "may look to § 1B1.13 as relevant, even if no longer binding," in considering how to define the term "extraordinary and compelling" circumstances or reasons, citing *United States v. Tomes*, 990 F.3d 500, 503 (6th Cir. 2021) (citing with approval *United States v. Byrd*, 842 F.App'x 915, 918 (5th Cir. 2021).

First, the Court finds that Defendant has exhausted his administrative remedies. Therefore, the Court will proceed to determine whether "extraordinary and compelling reasons warrant" a sentence reduction.

The Court finds that on the record presented by Defendant, specifically Exhibit A attached to Defendant's Motion, Defendant has not established that extraordinary and compelling reasons exist to grant him compassionate release. The letter purportedly prepared and signed by Defendant's father does not constitute evidence, i.e., sworn testimony attesting to the information contained therein, and the After Visit Summary does not, standing alone, establish or demonstrate that Defendant's father is unable to care for himself. The information set forth in the letter and After Care Summary is similar to the information included in the PSR and letter of support from Defendant's father[3] that the Court considered at the time of sentencing.

Also, the Court finds that evaluation of the Section 3553 factors weighs against Defendant's early release. As to the nature and circumstances of the offense, Defendant was on probation for his commission of drug offenses when he was found with a firearm, albeit inoperable, and drugs and drug paraphenalia. Although Defendant now denies that the drugs were his, he admitted to probation officers that the drugs and paraphernalia belonged to him and

---

[3] In his letter of support included with Defendant's Sentencing Memorandum, Defendant's father represented how Defendant had helped him when and after he suffered his heart attack, that he has many health issues, to include COPD, and could hardly walk.

stated that he would "admit to everything else if they let him go."  (Doc. No. 25, SEALED PSR, PageID # 94.)  Items found by the probation officers at Defendant's residence also included three pocket-knives and a hatchet.  The Court finds that the nature and circumstances of the offense weighs against granting Defendant early release.

As to the history and characteristics of Defendant, he has a lengthy criminal history that includes 26 separate convictions prior to the offense to which he pleaded guilty in this case.  His convictions include attempted burglary, domestic violence, driving under the influence, theft, possession of drug paraphernalia, receiving stolen property, aggravated trafficking in methamphetamine, and resisting arrest.  Some of these convictions demonstrate Defendant's disrespect for the law, and the terms of imprisonment and probation did not serve to deter him from committing further crimes.  Indeed, the term imposed in this case was run concurrent to the terms imposed in the two trafficking in methamphetamine cases.

And, the fact that Defendant has completed numerous rehabilitative programs and earned his GED has been and will be accounted for to the extent he has earned credits towards his sentence, and is expected to be released on May 18, 2024.

Accordingly, and for the reasons set forth above, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Date:  April 9, 2024

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE